JS 44 (Rev 06/17)

# CIVIL COVER SHEET

18. cv. 2857

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

18  2857

## I. (a) PLAINTIFFS
ANLIN WANG

**DEFENDANTS**
City of Philadelphia, Officer William Gress, Badge #4302, Officers John Doe(s), individually and as police officers for the City of Phila

**(b)** County of Residence of First Listed Plaintiff  Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*  215 9254400
Kairys Rudovsky Messing Feinberg & Lin
718 Arch Street, Ste. 501S, Phila PA

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation - Transfer ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
42 U.S.C. § 1983
Brief description of cause
POLICE MISCONDUCT LITIGATION

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P
DEMAND $
CHECK YES only if demanded in complaint
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE
DOCKET NUMBER

JUL -6 2018

DATE  7-9-18
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

18   2857

**DESIGNATION FORM**
*(to be used by counsel for plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: Philadelphia, PA

Address of Defendant: Philadelphia, PA

Place of Accident, Incident or Transaction: Philadelphia, PA

---

**RELATED CASE, IF ANY:**

Case Number _____   Judge _____   Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE _____   _____   17749
                Attorney-at-Law / Pro Se Plaintiff   Attorney I D # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A.   **Federal Question Cases**

☐ 1   Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2   FELA
☐ 3   Jones Act-Personal Injury
☒ 4   Antitrust
☒ 5   Patent
☒ 6   Labor-Management Relations
☒ 7   Civil Rights
☒ 8   Habeas Corpus
☒ 9   Securities Act(s) Cases
☒ 10  Social Security Review Cases
☒ 11  All other Federal Question Cases
       *(Please specify)* _____

B.   **Diversity Jurisdiction Cases:**

☐ 1   Insurance Contract and Other Contracts
☐ 2   Airplane Personal Injury
☐ 3   Assault, Defamation
☐ 4   Marine Personal Injury
☐ 5   Motor Vehicle Personal Injury
☐ 6   Other Personal Injury *(Please specify)* _____
☐ 7   Products Liability
☐ 8   Products Liability – Asbestos
☐ 9   All other Diversity Cases
       *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, PAUL MESSING, counsel of record or pro se plaintiff, do hereby certify

☐ Pursuant to Local Civil Rule 53 2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☒ Relief other than monetary damages is sought.

DATE 7-9-18   _____   17749
              Attorney-at-Law / Pro Se Plaintiff   Attorney I D # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

JUL -6 2018

Civ 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Anlin Wang | : | CIVIL ACTION |
| v. | : | |
| City of Philadelphia, et al. | : | 18  2857 |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.

| | | |
|---|---|---|
| 7-9-18 | Paul Messing | |
| **Date** | **Attorney-at-law** | **Attorney for** Anlin Wang |
| 215 925 4400 | 215 925 5365 | pmessing@krlawphila.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JUL -6 2018

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXANDER ANLIN WANG,<br>　　　　Plaintiff<br>　　　　v.<br>CITY OF PHILADELPHIA,<br>OFFICER WILLIAM GRESS<br>Badge Number 4702,<br>OFFICERS JOHN DOE(S),<br>individually and as police officers for the<br>City of Philadelphia<br>c/o Law Department<br>1515 Arch Street<br>Philadelphia, PA 19102,<br>　　　　Defendants | : Civil Action No. 18-<br>:<br>: JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT
### I. PRELIMINARY STATEMENT

1. Plaintiff brings this action under 42 U.S.C. §1983 seeking redress for the extraordinary misconduct of defendant William Gress and other Philadelphia police officers who used unreasonable, indiscriminate and unnecessary force against the plaintiff and others who were engaged in protected First Amendment activity. The actions and conduct of the defendant officers were the results of policies, practices, customs, and deliberate indifference on the part of defendant City of Philadelphia, including the use of unnecessary and excessive force at peaceful political protests, and the failure to take disciplinary and remedial action against defendant Gress and other officers despite extensive records of misconduct and abuses of authority.

### II. JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §1983. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343(1), (3), (4) and the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. §1367(a) to adjudicate state law claims.

## III. PARTIES

3. Plaintiff Alexander Anlin Wang is a resident of Philadelphia, Pennsylvania and at all times relevant to this action was in the Eastern District of Pennsylvania.

4. Defendant City of Philadelphia ("City") is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which employs defendants Gress and Doe(s).

5. Defendants Gress and Doe(s) ("the defendant officers") are police officers for the Philadelphia Police Department ("PPD") acting under color of state law. The defendant officers are being sued in their individual capacities.

6. At all relevant times, all defendants were acting in concert and conspiracy and their actions deprived the plaintiff of his constitutional and statutory rights.

7. At all times relevant to this Complaint, all defendants acted under color of state law.

## IV. FACTUAL ALLEGATIONS

8. On July , 2017, a group of political demonstrators gathered outside the Immigration and Customs Enforcement (ICE) offices at 8th and Cherry Streets in Philadelphia to protest the forced separation and detention of immigrant families, including very young children, at the Southern border of the United States.

9. The plaintiff, Alexander Anlin Wang, was among the demonstrators.

10. On July 3, 2017, Philadelphia police officers, without cause or justification, began to forcibly remove demonstrators from the Cherry Street area in front of the ICE offices.

11. At that time and place, Mr. Wang was standing among a group of peaceful demonstrators engaged in protected First Amendment activity.

12. At that time and place, without cause or justification, defendants Gress and Doe(s) physically assaulted Mr. Wang, struck him in the head, forced him to the ground, and jumped on top of him, all of which caused Mr. Wang physical and emotional harms.

13. At no time did Mr. Wang pose a threat of harm to the defendant officers or any other police officers or civilians.

14. There was no legal cause to justify the defendant officers' use of force on Mr. Wang, and the force used against him was unreasonable, unnecessary, and excessive.

15. The actions of the defendant officers were undertaken, at least in part, in retaliation for the exercise of the plaintiff's First Amendment rights and to chill the exercise of those rights.

16. City and PPD policymakers, in violation of established police practices and controlling law, improperly deployed paramilitary police units, including the Counter Terrorism Unit, to confront peaceful political protestors which caused harm to the plaintiff and others.

17. Plaintiff did not commit any offenses against the laws of the Commonwealth of Pennsylvania, the United States or the City of Philadelphia, or engage in any conduct which justified the actions of all defendants.

18. Defendants Gress and Doe(s) acted wilfully, deliberately, maliciously, or with reckless disregard of the plaintiff's constitutional and statutory rights.

19. The use of force in this case was the direct result of all defendants' pattern, practice and custom of subjecting persons such as the plaintiff to the use of force in the absence of probable cause or other lawful grounds.

20. All defendants engaged in the aforesaid conduct for the purpose of violating the plaintiff's constitutional rights by retaliating against the plaintiff for the exercise of his First

Amendment rights to free speech and assembly and/or to chill the free exercise of those rights, and by subjecting the plaintiff to the unreasonable use of force.

21. As a direct and proximate result of the actions of all defendants, the plaintiff suffered and continues to suffer physical and psychological harms, pain and suffering, damage to reputation, some or all of which may be permanent, as well as financial losses.

22. All defendants engaged in the above conduct for the purpose of violating the plaintiff's constitutional rights by subjecting the plaintiff to the unreasonable use of force.

### FIRST CAUSE OF ACTION
### FEDERAL CIVIL RIGHTS VIOLATIONS

23. Plaintiff incorporates by reference paragraphs 1-22 of this Complaint.

24. As a direct and proximate result of all defendants' conduct, committed under color of state law, Alexander Anlin Wang was deprived of the right to free speech and assembly, the right to be free from the unreasonable use of force, the right to be secure in ones' person and property, and to due process of law. As a result, the plaintiff suffered and continues to suffer harm in violation of his rights under the laws and Constitution of the United States, in particular the First, Fourth and Fourteenth Amendments, and 42 U.S.C. §1983.

25. As a direct and proximate result of the acts of all defendants, the plaintiff sustained injuries, emotional harm, loss of liberty and financial losses, all to his detriment and harm.

26. Defendant City of Philadelphia has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

a. The unreasonable use of force by police officers;

4

b. The proper exercise of police powers, including but not limited to the unreasonable use of force to retaliate against and/or chill the exercise of First Amendment rights;

c. The improper deployment of paramilitary police units, including the Counter Terrorism Unit, to confront peaceful political protestors;

d. The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

e. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal misconduct complaints or lawsuits;

f. Police officers' use of their status as police officers to employ the use of force or to achieve ends not reasonably related to their police duties;

g. The failure of police officers to follow established policies, procedures, directives and instructions regarding the use of force under such circumstances as presented in this case;

h. The use of unnecessary and unreasonable force against non-violent political demonstrators.

27. Defendant City of Philadelphia failed to properly sanction or discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of individuals by other Philadelphia Police Officers, thereby causing and encouraging Philadelphia police, including the defendant officers in this case, to violate the rights of persons such as the plaintiff.

28. Defendant City of Philadelphia is deliberately indifferent to the need to train, supervise and discipline police officers. The Internal Affairs Division (IAD) of the Philadelphia Police Department (PPD) fails to provide an internal disciplinary mechanism that imposes meaningful disciplinary and remedial actions in the following respects:

a. There are excessive and chronic delays in resolving disciplinary complaints;

b. There is a lack of consistent, rational and meaningful disciplinary and remedial actions;

c. There is a failure to effectively discipline substantial numbers of officers who were found to have engaged in misconduct.

d. The PPD's internal investigatory process has fallen below accepted practices and is arbitrary and inconsistent;

e. The PPD discipline, as practiced, is incident based rather than progressive. Thus, repeat violators are not being penalized in proportion to the number of violations.

f. The conduct of IAD investigations demonstrates that PPD internal affairs personnel are not adequately trained and supervised in the proper conduct of such investigations;

g. A global analysis of IAD's investigatory procedures indicates a pattern of administrative conduct where the benefit of the doubt is given to the officer rather than the complainant;

h. There are serious deficiencies in the quality of IAD investigations and the validity of the IAD findings and conclusions;

i. The PPD lacks an effective early warning system to identify, track and monitor "problem" officers.

j. Despite the fact that defendant Gress had amassed a large number of misconduct complaints and lawsuits, the officer stayed below the radar of an early warning system;

k. Despite prior complaints and lawsuits against defendant Gress, many of which involved excessive force, the PPD took no meaningful disciplinary or remedial actions, and inadequate steps to more closely monitor, retrain and supervise the officer;

l. IAD frequently fails to interview available eyewitnesses to incidents involving citizen complaints of misconduct. The interviews that are conducted by IAD are below acceptable standards of police practice and fail to address key issues in the cases; and

m. IAD fails to acknowledge the disproportionate and extreme use of force used by police officers in the investigation of citizen complaints and fails to properly categorize the police officers' misconduct in those cases as an impermissible use of force.

29. Defendants have by the above described actions deprived the plaintiff of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION
## SUPPLEMENTAL STATE CLAIMS

30. Plaintiff incorporates by reference paragraphs 1-29 of this Complaint.

31. The acts and conduct of defendants Gress and Doe(s) in this cause of action constitute assault and battery, negligent infliction of emotional distress, and intentional infliction of emotional distress under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

WHEREFORE, the plaintiff requests the following relief:

a. Compensatory damages as to all defendants;

b. Punitive damages as to the individual defendants;

c. Reasonable attorney's fees and costs as to all defendants;

d. Such other declaratory and further relief as appears reasonable and just including, but not limited to, a judgment that the City of Philadelphia has failed to properly train, supervise and discipline police officers and is deliberately indifferent to a departmental disciplinary mechanism that is fundamentally ineffective, inadequate and unpredictable; and

e. A jury trial as to each defendant and as to each count.

Paul Messing
Attorney ID No. 17749
KAIRYS, RUDOVSKY, MESSING,
  FEINBERG & LIN
718 Arch Street, Suite 501S
Philadelphia, Pa. 19106
(215) 925-4400
Counsel for Plaintiff